**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SANDRA SANDERS**                                                            **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.** 3:23-cv-286-CWR-FKB

**MISSISSIPPI DEPARTMENT OF**
**REHABILITATION SERVICES**                                       **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Sandra Sanders, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violation of her rights under Title VII of the Civil Rights Act of 1964 for sex discrimination and retaliation, against Defendant Mississippi Department of Rehabilitation Services. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.    Plaintiff, Sandra Sanders, is an adult female who resides in Clarke County, Mississippi.

2.    Defendant, Mississippi Department of Rehabilitation Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

**JURISDICTION AND VENUE**

3.    This Court has federal question and civil rights jurisdiction for actions that arise under Title VII.

4.    This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on August 17, 2022, for sex discrimination and retaliation, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on January 30, 2023, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissals and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff is a 52-year-old black female resident of Clarke County, Mississippi.

7. Plaintiff was hired on October 15, 2001, at the Mississippi Department of Rehabilitation Services (MDRS), as a vocational rehabilitation counselor.

8. In March 2014, Plaintiff was promoted to the position of District Manager of the Office of Vocational Rehabilitation in the Meridian District.

9. Around February 2019, Plaintiff expressed interest to her Regional Manager, Janice Berry, about being promoted to the position of Director of Client Services.

10. On August 1, 2019, despite Plaintiff expressed interest in being promoted to an upper-level management position, Carol Elrod (white female) with less qualifications was hired as the Director of Client Services.

11. Plaintiff contends she was passed over for the position due to her race.

12. On October 5, 2020, Plaintiff filed her case for race discrimination against Defendant. 3:20-cv-00830-CWR-LGI Sanders v. MDRS.

13. This case is currently scheduled for trial on June 12, 2023.

14. Sometime around February 18, 2022, the Defendant made a promotion to fill the Director of Client Services position.

15. However, this position was never posted; therefore, Plaintiff was unaware of the opening and unable to apply. Defendant was aware that Plaintiff was interested in the position, and chose not to seek applications so it could prevent Plaintiff from seeking the position.

16. The position was given to a much less qualified male from another department.

17. Plaintiff contends that the Defendant overlooked her for the position in retaliation for filing a previous EEOC charge (423-2019-01876) for discriminatory practices for the same position when it was given to a black male. Plaintiff also contends that sex was a motivating factor in Defendant's decision.

18. Plaintiff was discriminated against because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended and in retaliation for opposing unlawful employment practices.

19. In July 2022, Mrs. Sanders applied for and was interviewed for a Regional Manager position. Even though the interview panel selected Mrs. Sanders for the position, Mr. Howard arbitrarily chose to add an additional layer of interviews so Mrs. Sanders would not be selected. This additional interview was only added after the interview panel recommended Mrs. Sanders.

20. Mr. Howard interviewed Mrs. Sanders and another black female that came in second in the initial interview panel. In retaliation for Mrs. Sanders prior complaints of

discrimination under Title VII and her EEOC charge, Mr. Howard chose the other black female for the position even though Mrs. Sanders was clearly the most qualified.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF TITLE VII – SEX DISCRIMINATION

21.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22.   Defendant has discriminated against Plaintiff because of her sex based on the facts identified above and is a violation of the Title VII.

23.   Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

24.   The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II:  VIOLATIONS OF TITLE VII – RETALIATION

25.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26.   Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* by retaliating against Plaintiff for reporting discrimination and filing an EEOC charge under Title VII.  Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

27.   The acts of the Defendant constitute a willful intentional violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Future wages in lieu of promotion;
3. Compensatory damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 28th day of April 2023.

>                                Respectfully submitted,
>
>                                SANDRA SANDERS, Plaintiff
>
> By:    /s/ Nick Norris
>        Louis H. Watson, Jr.  (MB# 9053)
>        Nick Norris (MB# 101574)
>        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com